**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ROYAL INDEMNITY COMPANY OF | : | |
| DELAWARE, as subrogee of | : | |
| National Assisted Living a/k/a Liberty Healthcare, | : | CIVIL ACTION NO. |
| | : | 02-CV-3578 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ALPHA SPRINKLER, INC., and | : | |
| CENTRAL SPRINKLER COMPANY, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**DEFENDANT CENTRAL SPRINKLER COMPANY'S ANSWER TO
PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES AND CROSS-CLAIMS**

Defendant Central Sprinkler Company ("Central Sprinkler"), by and through its undersigned counsel, hereby responds to Plaintiff Royal Indemnity Company of Delaware's ("Plaintiff") Complaint and asserts affirmative defenses and cross-claims as follows:

1.     Central Sprinkler lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 and therefore denies same.

2.     Central Sprinkler lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 and therefore denies same.

3.     Central Sprinkler lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 and therefore denies same.

4.     Admitted in part and denied in part.  It is admitted that Central Sprinkler is a

Pennsylvania corporation transacting business in the Commonwealth of Pennsylvania with a principal place of business at 451 North Cannon Avenue, Lansdale, Pennsylvania.  The remaining allegations of Paragraph 4 are denied.

5.     Central Sprinkler lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5 and therefore denies same.

6.     Central Sprinkler lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 and therefore denies same.

7.     Central Sprinkler lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 and therefore denies same.

8.     Central Sprinkler lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 and therefore denies same.

9.     Central Sprinkler lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 and therefore denies same.

10.     Denied.

11.     Central Sprinkler lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 and therefore denies same.

12.     Denied.

13.     Denied.

14.     Denied.

15.     Central Sprinkler lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 and therefore denies same.

## COUNT I – NEGLIGENCE
## PLAINTIFF v. ALPHA SPRINKLER, INC.

16.     Central Sprinkler incorporates by reference, as if fully set forth herein, its responses to Paragraphs 1 through 15.

17.     Denied.  The allegations of this paragraph do not pertain to Central Sprinkler, and, therefore, Central Sprinkler denies same.

18.     Denied.  The allegations of this paragraph do not pertain to Central Sprinkler, and, therefore, Central Sprinkler denies same.

19.     Central Sprinkler lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 and therefore denies same.

20.     Central Sprinkler lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 and therefore denies same.

WHEREFORE, Defendant Central Sprinkler Company demands judgment in its favor and against Plaintiff, together with an award of costs, attorneys' fees, and such other relief as this Court deems just and equitable.

## COUNT II – BREACH OF WARRANTY
## PLAINTIFF v. ALPHA SPRINKLER, INC.

21.     Central Sprinkler incorporates by reference, as if fully set forth herein, its responses to Paragraphs 1 through 20.

22.     Denied.  The allegations of this paragraph do not pertain to Central Sprinkler, and, therefore, Central Sprinkler denies same.

23.     Denied.  The allegations of this paragraph do not pertain to Central Sprinkler, and,

therefore, Central Sprinkler denies same.

24.     Denied.  The allegations of this paragraph do not pertain to Central Sprinkler, and, therefore, Central Sprinkler denies same.

25.     Central Sprinkler lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 25 and therefore denies same.

26.     Central Sprinkler lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 26 and therefore denies same.

        WHEREFORE, Defendant Central Sprinkler Company demands judgment in its favor and against Plaintiff, together with an award of costs, attorneys' fees, and such other relief as this Court deems just and equitable.

## COUNT III – STRICT PRODUCTS LIABILITY
## PLAINTIFF v. ALPHA SPRINKLER, INC.

27.     Central Sprinkler incorporates by reference, as if fully set forth herein, its Responses to Paragraphs 1 through 26.

28.     Denied.  The allegations of this paragraph do not pertain to Central Sprinkler, and, therefore, Central Sprinkler denies same.

29.     Denied.  The allegations of this paragraph do not pertain to Central Sprinkler, and, therefore, Central Sprinkler denies same.

30.     Central Sprinkler lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 30 and therefore denies same.

31.     Central Sprinkler lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 31 and therefore denies same.

WHEREFORE, Defendant Central Sprinkler Company demands judgment in its favor and against Plaintiff, together with an award of costs, attorneys' fees, and such other relief as this Court deems just and equitable.

## COUNT IV – NEGLIGENCE
## PLAINTIFF v. CENTRAL SPRINKLER COMPANY

32.    Central Sprinkler incorporates by reference, as if fully set forth herein, its responses to Paragraphs 1 through 31.

33.    Denied.

34.    Denied.

35.    Denied.

36.    Denied.

WHEREFORE, Defendant Central Sprinkler Company demands judgment in its favor and against Plaintiff, together with an award of costs, attorneys' fees, and such other relief as this Court deems just and equitable.

## COUNT V – BREACH OF WARRANTY
## PLAINTIFF v. CENTRAL SPRINKLER COMPANY

37.    Central Sprinkler incorporates by reference, as if fully set forth herein, its responses to Paragraphs 1 through 36.

38.    Denied.

39.    Denied.

40.    Denied.

41.    Denied.

42.    Denied.

WHEREFORE, Defendant Central Sprinkler Company demands judgment in its favor and against Plaintiff, together with an award of costs, attorneys' fees, and such other relief as this Court deems just and equitable.


## COUNT VI – STRICT PRODUCTS LIABILITY
## PLAINTIFF v. CENTRAL SPRINKLER COMPANY

43.    Central Sprinkler incorporates by reference, as if fully set forth herein, its responses to Paragraphs 1 through 42.

44.    Denied.

45.    Denied.

46.    Denied.

47.    Denied.

WHEREFORE, Defendant Central Sprinkler Company demands judgment in its favor and against Plaintiff, together with an award of costs, attorneys' fees, and such other relief as this Court deems just and equitable.

## AFFIRMATIVE DEFENSES

Central Sprinkler hereby asserts the following affirmative defenses:

48.    Plaintiff's Complaint fails to state a claim for relief against Central Sprinkler.

49.    Plaintiff and/or its insured does not and cannot allege that it purchased the product at issue from Central Sprinkler.

50.    Plaintiff's Complaint and, in particular, the Fifth Count alleging a breach of the implied warranty of merchantability fails to state a claim for relief against Central Sprinkler insofar as Plaintiff and/or its insured does not stand in contractual privity with Central Sprinkler and did not purchase the product at issue from Central Sprinkler to have standing to assert a claim based upon a warranty, written or implied.

51.    Upon information and belief, Plaintiff's insured, Liberty Heathcare's automatic fire suppression system is equipped with an alarm system.

52.    The automatic fire suppression system installed in Liberty Healthcare's real property was to have been installed, tested and approved pursuant to the standards promulgated by the National Fire Protection Association ("NFPA") as adopted by the local authority having jurisdiction.

53.    Upon information and belief, the automatic fire suppression system, particularly, that portion of the system in or near the area where the product at issue activated, was not installed in accordance with applicable codes.

54.    Plaintiff's Complaint, and each and every purported cause of action stated therein, is barred because Plaintiff and/or its insured, its contractors and sub-contractors, and each of them, failed to follow NFPA standards in connection with the design and installation of the

subject fire suppression system.

55.    Plaintiff's and/or its insured's damages, if any, were caused in whole or in part by the negligence of the Plaintiff and/or its insured, its employees or agents, or others, which by comparison was far greater than any conduct alleged on behalf of Central Sprinkler, and any recovery to which Plaintiff and/or its insured may be entitled is barred or limited by the provisions of the Pennsylvania Comparative Negligence Act, 42 Pa. C.S.A. § 7102.

56.    The direct and proximate cause of any damages suffered by Plaintiff and/or its insured was Plaintiff's and/or its insured's contributory negligence in failing to exercise that degree of care which a reasonably prudent person would have exercised under the same or similar circumstances.

57.    Plaintiff and/or its insured was negligent and its negligence proximately caused the loss complained of by Plaintiff.

58.    Any express warranties which may have been made by Central Sprinkler to the person or entity which purchased the product at issue for defects and material and workmanship are contractually barred due to failure to provide notice of the alleged breach and an opportunity to cure.

59.    Any and all warranties of merchantability or fitness for a particular purpose or arising from a course of dealing or usage of trade have been specifically excluded by agreement between Central Sprinkler and the person or entity which purchased the product at issue and there are no warranties express or implied.

60.    Plaintiff's Complaint, and each and every purported cause of action stated therein, is barred on the ground that Plaintiff and/or its insured voluntarily and knowingly entered into and

8

engaged in the operations, acts and conduct alleged in the Complaint and voluntarily and knowingly assumed all of the risks incident to those operations, acts and conduct. Plaintiff's and/or its insured's assumption of risk either bars recovery by Plaintiff against Central Sprinkler or proportionately reduces any such recovery.

61.     No product designed, manufactured and/or supplied by Central Sprinkler proximately caused Plaintiff's and/or its insured's alleged loss and damages.

62.     No product designed, manufactured and/or supplied by Central Sprinkler was defective.

63.     No product designed, manufactured and/or supplied by Central Sprinkler was unreasonably dangerous.

64.     If it is proven at the time of trial of this matter that the product in question was designed, manufactured and/or supplied by Central Sprinkler, then the product was substantially changed after leaving the possession and control of Central Sprinkler and such changes were the sole proximate cause of and/or contributed to the Plaintiff's and/or its insured's alleged damages.

65.     If it is proven at the time of trial of this matter that the product in question was designed, manufactured and/or supplied by Central Sprinkler, then the product was being misused and/or abused and/or was not being used for the purpose intended at the time of the occurrence. Such misuse and abuse was the proximate cause of the occurrence and the alleged loss and damages.

66.     If it is proven at the time of the trial of this matter that the product in question was designed, manufactured, and/or supplied by Central Sprinkler, then the product was manufactured by Central under the state-of-the-art as then known, and Central Sprinkler cannot be held to a

later standard of manufacture, production, design and assembly; that such prior state-of-the-art

met the then known standards, regulations, codes, customs and practices for manufacture,

production, design and/or assembly at the time and, therefore, evidence of subsequent change,

modification, alteration, adoption or codification of new standards, regulations, codes, custom

and/or practice are hereby excluded as forming a basis of liability.

67.    Central Sprinkler, not being fully advised as to all facts and circumstances

surrounding the incident complained of, hereby asserts and reserves unto itself the defenses of

accord and satisfaction, arbitration and awarded, discharge and bankruptcy, duress, failure of

consideration, fraud, illegality, injury by fellow servant, latches, license, payment, release, res

judicata, statute of frauds and any other matter constituting an avoidance of affirmative defense

which the further investigation of this matter may prove applicable herein.

68.    Plaintiff's Complaint, and each and every purported cause of action stated therein,

is barred because Central Sprinkler is not responsible for the method or means used by Plaintiff

and/or its insured or its contractors or sub-contractors, nor for Plaintiff's and/or its insured's

contractors' and/or sub-contractors' failure to carry out the work in accordance with contract

documents and/or plans.

69.    Plaintiff's Complaint, and each and every purported cause of action stated therein,

is barred because Plaintiff's and/or its insured's damages, if any, were proximately caused, in

whole or in part, and/or contributed to by the negligence of third persons or entities over whom

Central Sprinkler had no control or supervision.

70.    Plaintiff's Complaint, and each and every purported cause of action stated therein,

is barred because there was and is no concert of action between Central Sprinkler and other

unnamed parties to this action. Any alleged liability of Central Sprinkler, which is denied, is minimal in proportion to the alleged liability and responsibility of other persons and entities. Plaintiff should therefore be limited to seeking recovery from Central Sprinkler for the proportion of alleged injuries and damages for which Central Sprinkler is allegedly liable or responsible, all such alleged liability and responsibility being denied.

71.     Plaintiff's Complaint, and each and every purported cause of action stated therein, is barred in that Central Sprinkler did not and does not owe a duty, contractual or otherwise, to Plaintiff and/or its insured. The allegations in the Complaint attempt to unfairly impose upon Central Sprinkler obligations that are beyond the scope of its responsibility and obligations, if any, to Plaintiff and/or its insured.

72.     Plaintiff's Complaint, and each and every purported cause of action stated therein, is barred because Plaintiff's and/or its insured's damages, if any, were proximately caused, in whole or in part, by the unforeseeable forces of nature beyond the control and knowledge of Central Sprinkler.

73.     Plaintiff's Complaint, and each and every purported cause of action stated therein, is barred because third parties over whom Central Sprinkler has no control were guilty of negligence, or other acts or omissions in the matters set forth in the Complaint, which caused or contributed to the damages or loss complained of, if any.

74.     Plaintiff's claims are barred and/or limited by the doctrine of estoppel.

75.     Plaintiff's claims are barred and/or limited by failure of consideration.

76.     Plaintiff's claims are barred and/or limited by impossibility of performance.

77.     Plaintiff's claims are barred and/or limited by justification.

11

78.    Plaintiff's claims are barred and/or limited by the doctrine of laches.

79.    Plaintiff's claims are barred and/or limited by statute of frauds.

80.    Plaintiff's claims are barred and/or limited for its failure to join all persons and parties necessary for a just adjudication of this action.

81.    Plaintiff's claims are barred and/or limited by the doctrine of unclean hands.

82.    Plaintiff's claims are barred and/or limited by statute of limitations.

83.    Plaintiff's claims are barred and/or limited by the doctrine of waiver.

WHEREFORE, Defendant Central Sprinkler Company demands judgment in its favor and against Plaintiff, together with an award of costs, attorneys' fees, and such other relief as this Court deems just and equitable.

### CROSS-CLAIM AGAINST ALPHA SPRINKLER, INC.

Central Sprinkler hereby asserts the following cross-claims against Defendant Alpha Sprinkler, Inc. ("Alpha Sprinkler"):

84.    Central Sprinkler incorporates by reference, as if fully set forth herein, Paragraphs 1 through 83.

85.    If Plaintiff and/or its insured sustained damages as alleged in the Plaintiff's Complaint, all of which damages are specifically denied, then Plaintiff's and/or its insured's damages were not the result of any acts or omissions on the part of Central Sprinkler, but rather, Alpha Sprinkler is primarily liable for any damages which may have been sustained by Plaintiff and/or its insured which are established at the trial of this matter.

86.    If as a result of the matter alleged in Plaintiff's Complaint, Central Sprinkler may

12

be held liable for all or part of Plaintiff's damages as established at trial, then Alpha Sprinkler is

liable to Central Sprinkler for contribution and/or indemnification for all such damages as Central

Sprinkler may suffer, and therefore, Central Sprinkler asserts its right to contribution and/or

indemnification.

WHEREFORE, Defendant Central Sprinkler Company demands judgment in its favor and

against Defendant Alpha Sprinkler, Inc., together with an award of costs, attorneys' fees, and

such other relief as this Court deems just and equitable.

Respectfully submitted,

Dated:   August 5, 2002

_____
John C. Fenningham
Pa. I.D. No. 22655
Maura F. Ratigan
Pa. I.D. No. 79309
Corr, Stevens & Fenningham
Five Neshaminy Interplex, Suite 315
Trevose, PA   19053
(215) 639-4070

Attorneys for Defendant,
Central Sprinkler Company

## CERTIFICATE OF SERVICE

I, John C. Fenningham, Esquire, hereby certify that on August 5, 2002, I served a true and correct copy of Defendant Central Sprinkler Company's Answer, Affirmative Defenses and Cross-Claims to Plaintiff's Complaint *via* first class, U.S. Mail, postage prepaid, on the following individuals:

Robert M. Caplan, Esquire
COZEN O'CONNOR
1900 Market Street, Third Floor
Philadelphia, PA 19103

Attorney for Plaintiff

R. Anthony Michetti, Esquire
MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
10 North Main Street, 2nd Floor
Doylestown, PA 18901

Attorney for Alpha Sprinkler, Inc.

_____
John C. Fenningham

Dated:  August 5, 2002
F:\WP\WORK\MFR\AH-1343.814